**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEONTE, DANIELLE, DANIEL,** | ) | |
| **DINAH and  DEANNA MCFADDEN,** | ) | |
| **minors, by their parent and next friend,** | ) | |
| **Tracy McFadden; KAREN RODOLFO** | ) | |
| **and KIARA TAPIA, minors, by their** | ) | **No. 05 C 760** |
| **parent and next friend, Mariela Montoya;** | ) | |
| **MARIANA, YELITZA and JOCELYN** | ) | |
| **BURCIAGA, minors, by their parent** | ) | |
| **and next friend, Griselda Burciaga;** | ) | |
| **ASHLEY, AMBRY and KASHMIR IVY,** | ) | **Judge Robert W. Gettleman** |
| **minors, by their parent and next** | ) | |
| **friend, Beverly Ivy; and JOSE and** | ) | |
| **KRISTIANNE SIFUENTES, minors,** | ) | **Magistrate Judge Michael T. Mason** |
| **by their parent and next** | ) | |
| **friend, Irma Sifuentes,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **BOARD OF EDUCATION FOR ILLINOIS** | ) | |
| **SCHOOL DISTRICT U-46,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Before the Court is Defendant Board of Education for the Illinois School District

U-46's Motion to Compel.  [407]  For the reasons stated below, Defendant's Motion to

Compel [407] is denied.

**Background**

Plaintiffs originally filed this action on February 7, 2005 [1] and filed the operative

Second Amended Complaint on May 12, 2006 [74].  Plaintiffs, minority and limited

English proficient ("LEP") students in Illinois School District U-46 ("District U-46),

brought this four-count putative class action against Defendant Board of Education for

the District ("Defendant" or the "Board").  In the Second Amended Complaint, Plaintiffs allege that minority students in District U-46 are enduring discriminatory burdens and diminished educational benefits not suffered in the same proportion by white students, in violation of the Fourteenth Amendment of the U.S. Constitution, the Equal Protection Clause of the Illinois Constitution, and the Illinois Civil Right Act.  Plaintiffs also allege that Hispanic LEP students are suffering from District U-46's failure to take "appropriate action" to eliminate language barriers in violation of the Equal Education Opportunity Act.  Defendant denies Plaintiffs' claims [97].  The parties have been conducting discovery since 2005 and are now in the expert phase of discovery.

## Discussion

Defendant filed a Motion to Compel [407] on October 9, 2009.  In that motion, Defendant argues that Plaintiffs have refused to comply with their discovery obligations in violation of Federal Rule of Civil Procedure 26 and this Court's June 24, 2009, Order (the "Order").  In the June 24, 2009, Order, we amended the remaining discovery schedule as follows: "Defendant must begin supplementing its fact discovery responses on a rolling basis and must complete its supplementation for the 2008-2009 and all prior school years in this litigation by September 14, 2009.  The parties must complete their supplementation (if any) of expert documents and the underlying data from interviews or other non-written sources to be used in their opening amended expert reports by October 5, 2009.  Plaintiffs and Defendant must exchange their amended opening expert reports by October 26, 2009..." [391].

In its Motion to Compel, Defendant contends that Plaintiffs did not produce supplemental fact discovery by September 14, 2009 or supplemental expert discovery

2

by the October 5, 2009.  In addition, Defendant argues that Plaintiffs did not comply with

the requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(B) and (e).  In

light of these alleged violations, Defendant requests that this Court order Plaintiffs to

immediately produce their supplemental discovery.  Motion to Compel, p. 10-11.

Defendant further requests that, if Plaintiffs refuse to or fail to produce supplemental

discovery, the Court exclude all supplemental filings, materials and evidence including

Plaintiffs' amended opening expert reports.  *Id.*

Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi) states that experts who are

expected to testify are to disclose a written report containing:

(i) a complete statement of all opinions the witness will express and the basis
and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the
previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness
testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the
case.

This language was added to Rule 26 as part of the 1993 amendments to that rule.   *See*

*Walsh v. Chez*, 2009 WL 3365971, *3 (7th Cir. Oct. 21, 2009).  The Committee Note

explains that "[t]his paragraph imposes an additional duty to disclose information

regarding expert testimony sufficiently in advance of trial that opposing parties have a

reasonable opportunity to prepare for effective cross examination and perhaps arrange

for expert testimony from other witnesses." 1993 Comm. Note, para. (2).

3

Federal Rule of Civil Procedure 26(e) sets forth the requirement to supplement discovery, including expert.  The purpose of Rule 26(e) is to prevent "unfair surprise" by ensuring that the other party has adequate notice of new information.  *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, 2007 WL 3052944, *3 (N.D. Ill. Oct. 18, 2007) (citations omitted); *see also Peterson v. Union Pac. R.R. Co*,  2008 WL 4104169, *2 (C.D. Ill. Aug. 28, 2008).

In their response to the Motion to Compel, filed on October 18, 2009, Plaintiffs state that they have no supplemental fact or expert discovery to produce.  [414] Plaintiffs emphasized that all of the information that their experts considered had been previously disclosed.  In addition, Plaintiffs contended that Defendant's argument regarding Federal Rule 26 was premature as Plaintiffs had not produced its expert report as of the date Defendant filed its Motion to Compel.  We set this motion for oral argument on October 27, 2009.

As ordered, on October 26, 2009, the parties' exchanged their amended opening expert reports.  Plaintiffs produced the reports of experts Michael Alves, Edward Kazanjian, Alba Ortiz and Donna Y. Ford.  At the October 27, 2009 motion hearing, defense counsel reported that he had not been able to adequately review Plaintiffs' expert reports in order to determine if Plaintiffs complied with Rule 26(a)(2)(B).  At that time, it was apparent that Defendant prematurely filed its motion to compel before it knew the contents of Plaintiffs' expert reports.  Therefore, we ordered Defendant to review Plaintiffs' expert reports and to inform the Court if the issues raised in its motion were present.

On November 3, 2009, during a phone conference, Defendant reported that after

4

reviewing Plaintiffs' expert reports, it retained its position that Plaintiffs violated this Courts' Order and Rule 26(a)(2)(B). Therefore, we ordered the parties to file supplemental statements that included citations to specific examples in Plaintiffs' expert reports. The parties filed these statements on November 6, 2009, and November 11, 2009.

In its Supplemental Statement in support of its Motion to Compel ("Supp. Statement") [425], Defendant argues, as it does in its Motion to Compel, that Plaintiffs violated Rule 26(a)(2)(B) because their experts did not "disclose the data or other information considered by the expert." Supp. Statement, p. 2. In addition, Defendant argues that Plaintiffs did not comply with this Court's Order because they did not supplement their fact or expert discovery by the deadlines. *Id.* To avoid confusion, we must point out that these two arguments set forth two separate requirements, which Defendant combines. First, in our Order, we required each party to "complete their supplementation (if any) of expert documents and the underlying data from interviews or other non-written sources to be used in their opening amended expert reports by October 5, 2009." [391] Second, there is a requirement, set forth by Federal Rule 26, that an expert's written report contain the data or other information considered by the witness in forming their opinions. Fed.R.Civ. Pro. 26(a)(2)(b)(ii). By combining these two requirements, Defendant argues that Plaintiffs were to produce all documents that their experts considered in forming their opinions by October 5, 2009. Motion to Compel, p. 9; Supp. Statement, p. 2. This requirement, which would include duplicating all previously disclosed discovery if it was considered by an expert, was not imposed by this Court. In Black's Law Dictionary, "supplemental" is defined as "supplying

something additional; adding what is lacking." *Black's Law Dictionary* 1452-53 (7th ed. 1999).

In their Response to the Motion to Compel [414], Plaintiffs explain that they produced all documents relied on by their experts, that had not previously been produced in discovery, prior to exchanging their original expert reports in June 2009. Response, p. 2-3.  We ordered that the parties produce additional documents, not previously produced before in this litigation, by October 5, 2004.  In line with this reasoning, Plaintiffs argue that they have not violated the Order because they are not required to reproduce documents already produced in this case during discovery just because they provided them to their experts to review.  Response to Supp. Statement, p. 7.  We agree.  As for fact discovery, Defendant presents no specific information to support its allegation that Plaintiffs have not timely supplemented their fact discovery.

In its Supplemental Statement, Defendant attempts to show that Plaintiffs did not comply with the Order by pointing to supplemental discovery that Plaintiffs produced after the October 5, 2009, deadline.  These documents include correspondence between Plaintiffs' experts and counsel discussing the documents that Plaintiffs' counsel provided to the experts for consideration in forming their written reports.  Supp. Statement, p. 3 and Ex. 2.  We do not consider this correspondence to be supplementation required by the Order.  Moreover, the documents Plaintiffs produced after the October 5, 2009 deadline are not information that Plaintiffs' experts relied on in formulating their decisions.  Therefore, it did not prejudice Defendant to receive this information after expert reports were exchanged.

Defendant's argument that Plaintiffs are required to reproduce to Defendant all

6

the documents that it provided to its experts is not persuasive.  Federal Rule 26 does not require this type of reproduction and neither does our Order.  Therefore, based on the information presented to this Court, Plaintiffs have complied with our Order.

In order to evaluate if Plaintiffs' expert reports are in compliance with Federal Rule 26(a)(2)(B)(ii), we reviewed the portions of Plaintiffs' expert reports listing the data or other information considered by each expert in forming their opinions, which are attached to the supplemental briefing.  Defendant contends that these sections of the expert reports are not detailed enough and it cannot determine which documents Plaintiffs' experts considered.  Supp. Statement, p. 3-5.  For example, Defendant complains that when Expert Alves only states that he relied upon the "Omega and Wilson production," it has no way of knowing which specific Omega documents he relied on in developing his report. *Id.* at 3.  Plaintiffs point out that the majority of the documents provided to their experts for consideration, including the Omega and Wilson production, were originally produced in this case by Defendant.  Response to Supp, p. 5-6.  As Plaintiffs explain in their Supplemental Statement, they provided all of the Omega documents to Expert Alves, therefore Alves listed in his report that he considered the Omega production. *Id.*, Response to Supp. Statement, Ex. 14. Defendant's argument that Plaintiffs should have to identify specific Omega documents, by Bates number, that Expert Alves considered, is not convincing.  Federal Rule 26(a)(2)(B)(ii) requires that the experts identify the documents they considered, not specify the weight they gave each document provided to them.

Defendant also argues that Plaintiffs' Expert Kazanjian did not produce three specific sources he identified in his report.  Supp. Statement, p. 3-4.  Plaintiffs state that

these three documents are publically available and note that Expert Kazanjian identified

these documents specifically in his report.  Response to Supp. Statement, p. 3-4.  We

do not find that Plaintiffs violated Rule 26(a)(2)(B)(ii) based on the manner that Expert

Kazanjian identified the sources which he considered in forming his opinions.  However,

in keeping with the spirit of Rule 26 to prevent "unfair surprise" related to experts and

their opinions, Plaintiffs are to provide the three sources listed on pages 3-4 of

Defendant's Supplemental Statement to Defendant by December 4, 2009.  *Fast Food*

*Gourmet, Inc.*, 2007 WL 3052944 at *3.  Plaintiffs' production of these sources,

including the printed out verison of the Wikipedia page, will ensure that both parties

have the same version of these sources.

This Court has reviewed the portions of Plaintiffs' experts reports in order to

determine if each of their lists of the documents they considered is in compliance with

Rule 26(a)(2)(B)(ii).  We find that the expert reports satisfy the requirement by detailing

the documents received from Plaintiffs and considered in making their opinions.

**<u>Conclusion</u>**

For the reasons stated above, Defendant's motion denied.

**ENTERED:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:** December 1, 2009

8